

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:                    Opinion No. O-1765
                             Re:  May contributions collected
                                  from supposed employer be
                                  adjusted or refunded under
                                  the facts stated?

        We received your letter of December 14, 1939,
which reads as follows:

        "On March 17, 1939, your department
    rendered its opinion No. Q-459, Re: Refund
    of contributions of supposed employer for
    year 1936 and months of January through
    August 1937.  In that opinion, which was
    rendered prior to the effective date of
    Senate Bill 21, passed by the last session
    of the Legislature and effective on April 1,
    1939, it was held that the refund sought
    was barred as to all contributions due prior
    to one year before the date of the application.

        "The statement of facts as presented to
    you at the time of the previous opinion will
    be the basis for this further request for an
    opinion with reference to the position of the
    taxpayer as herein below set forth.  That
    position is:

        "Prior to the month of August, 1938, the
    Commission determined that W. T. Conley, a
    commission agent of the Sinclair Refining
    Company, was an employer and, as such employer,
    was legally liable for the payment of unemploy-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

ment taxes on certain employees, and, accordingly, Conley paid unemployment taxes thereon. During the month of August, 1938, the Commission determined that Conley was not the employer but, for the purposes of the Texas Unemployment Compensation Act, was the agent of the Sinclair Refining Company and therefore the Sinclair Refining Company was in fact the employer of these employees. Immediately upon the publication of this ruling, Sinclair Refining Company paid to the Commission all taxes due from the effective date of the original law to and including the date of said ruling, resulting in a double payment of taxes on the same employees. Thereafter, Conley applied to the Commission for a refund of the taxes that he had paid, and he was refunded all of such taxes the due date of which was not earlier than one year prior to the date of his application, as provided for in Section 14 (d) of the Act. His application for refund was denied with respect to taxes in the amount of $162.24 that had become due more than one year prior to the date of his application.

"The Texas Unemployment Compensation Act was amended effective April 1, 1939, and old Section 14 (d) was amended to new Section 14 (j), in which the period of limitation was extended from one year to four.

"The Commission is now presented with a claim respecting the $162.24 on behalf of both Conley and the Sinclair Refining Company, and it is asserted that since the period of limitation was extended by the amendment to the law the Commission is now authorized either to make a refund of this amount to Conley or to permit the Sinclair Refining Company, the present employer, to take credit for this amount against current taxes due under the theory that the original payment was made on behalf of the Sinclair Refining Company by its agent Conley.

"May the Commission make a refund of this amount of $152.24 to either Conley or the Sinclair Refining Company under either of the contentions above presented?"

Subsection (j), Article 5221b-12, Vernon's Annotated Civil Statutes of Texas, which extended the period of limitation from one to four years, reads as follows:

"Where any employing unit has made a payment to the Commission of contributions alleged to be due, and it is later determined that such contributions were not due, in whole or in part, the employing unit making such payment may make application to the Commission for an adjustment thereof in connection with contribution payments then due, or, for a refund thereof because such adjustment cannot be made, and if the Commission shall determine that such contributions or penalty, or any portion thereof were erroneously collected, the Commission shall allow such employing unit to make an adjustment thereof without interest in connection with contribution payments then due by such employing unit, or if such adjustment cannot be made, the Commission shall refund said amount without interest from the Fund, provided that no application for adjustment or refund shall ever be considered by the Commission unless the same shall have been filed within four (4) years from the date on which such contributions or penalties would have become due, had such contributions been legally collectible by the Commission from such employing unit. For like cause, and within the same period, adjustment or refund may be so made on the Commission's own initiative." (Underscoring ours)

In view of our Opinion No. O-459, dated March 17, 1939, in which we held that the refund sought by W. T. Conley was barred as to all contributions due prior to one year before the date of application, the sole question to be considered here is whether the ex-

tention of the period of limitation by the Legislature, in the subsection set out above, would revive a cause of action already barred. The effect of the Act allowing an adjustment of taxes erroneously paid is the same, in so far as constitutional inhibitions are concerned, as the refund of money for such payment.

All legislation has prospective force and effect, not retrospective, unless expressly provided in the law itself. Hester and Roberts v. Donna Irr. Dist., 239 S. W. 993, C. C. A., (writ of error refused).

In treating the subject of retroactivity or retrospectivity, the Commission of Appeals in America Surety Company vs. Axtell Co., 36 S. W. (2d) 720, quoting from 12 Corpus Juris 1084, Section 778, said:

"'A retrospective law is one that relates back to, and gives to, a previous transaction some different legal effect from that which it had under the law when it occurred. In this connection the terms "retrospective" and "retroactive" are used interchangeably.' The general law is that statutes operate prospectively, but they may operate retrospectively when it is apparent that such was the intention, provided no impairment of vested rights result." Cox v. Robison, Sup. Ct. of Texas, 150 S. W. 1149.

It is unnecessary for us to determine the question as to whether the Legislature could have made the statute retroactive, for close examination of Article 5221b-12, subsection (j), does not disclose any legislative intent that its terms shall have such effect. You are therefore advised that it is the opinion of this department that our Opinion No. 0-459, answering your question in the negative, still applies to this claim.

APPROVED MAR 7, 1940                    Yours very truly

(s) Gerald C. Mann                   ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS
                            By
                                     Hirschie Johnson
                                         Assistant

HJ:LM               This Opinion Considered
                      and approved in
                      Limited Conference